Joseph M. Conroy, J.
This is an application, referred by Supreme Court, Suffolk County, for authorization to withdraw the sum of $843.77 as an advance payment of commissions, pursuant to section 285-d of the Surrogate’s Court Act, effective September 1,1963.
The petitioner committee submits in effect that he has performed numerous services prior and subsequent to his appointment, for which he has not been compensated; that many of these services were beyond the ordinary duties of a committee; that the payment to him of commissions in a single lump sum will deprive him of substantial advantages under the income tax laws; and that section 285-d was enacted to cover such a situation.
Compensation of a committee is presently fixed by subdivision (1) of section 109 of the Mental.Hygiene Law,'providing that “ The compensation of a committee of . the property shall be at the same rates as that of an executor or administrator.” This section does not indicate that the rights as to withdrawal of commissions shall be identical with those of an administrator or executor, but only that the rates shall be the same. The rates are set forth in section 285.of the Surrogate’s Court Act. There is no implication either in subdivision (1) of section 109 or section 285 that sections 285-a, 285-b, 285-c, 285-d, or 285-e were intended to or do apply to committees.
*721 Actually while an administrator may be entitled to commissions at the initial rates but once during the administration of the estate, a committee, under subdivision (3) of section 109 of the Mental Hygiene Law is now entitled to withdraw his commissions at the initial higher rate upon income and disbursements during each year. The application is therefore denied.
Assuming that section 285-d did apply to committees, the application must be denied for other reasons. That section provides for the presentation of a petition showing one of the following:
(a) That petitioner or the estate will be deprived of substantial advantages under the income tax laws ;
(b) That he will suffer inconvenience or hardship;
(c) That all persons whose rights or interests would be affected by the payment applied for are under no legal incapacity and have consented to such payment.
As to (a), the committee is in a less advantageous position, tax-wise, by receiving $843.77 in a lump sum, than by having the commissions paid annually, over a period of years, in lesser amounts.
He has shown no inconvenience or hardship to qualify him for an advance payment under (b). If he feels that he has rendered services over and above those normally rendered by a committee, or by a son for his incompetent father, he may apply for additional compensation as provided in subdivision (2) of section 109.
Obviously he cannot qualify under (c) since an adjudicated incompetent person is involved. The application is in all respects denied.